# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-50030
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 24, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCEIVA ALLEN STEVENS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:06-CR-179-1

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Marceiva Allen Stevens appeals the 24-month, above-guidelines sentence imposed following the revocation of his supervised release. For the first time on appeal, he argues that his sentence was procedurally unreasonable because the district court failed to state sufficient reasons in support. He further argues, also for the first time, that his sentence was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50030

substantively unreasonable because it was greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a).

Because Stevens did not object to either the procedural or substantive unreasonableness of the sentence imposed in the district court, review is for plain error only.[1] *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). To establish plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

If a district court imposes a revocation sentence that falls outside of the range recommended by the policy statements, it must provide "some explanation" for its decision. *Whitelaw*, 580 F.3d at 261-62. It should articulate reasons that are sufficient to "satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] legal decision making authority." *Rita v. United States*, 551 U.S. 338, 356-57 (2007) (quoted in *Whitelaw*, 580 F.3d at 261).

The district court referenced the witness testimony and the allegations in the revocation pleadings to the effect that Stevens, rather than merely consuming alcohol, had engaged in dangerous behavior presenting a public hazard, "whether intentional or not intentional," and it found the guidelines range to be inadequate to address the circumstances of Stevens's violation. The district court's stated reason, though brief, was adequate in light of the

---

[1] Stevens concedes that, because he failed to object at the time sentence was imposed, his arguments are subject to plain-error review but seeks to preserve for possible further review the argument that a contemporaneous objection is not required in order to preserve such arguments for appeal.

No. 17-50030

revocation record as a whole and did not give rise to any clear or obvious procedural error.  *See Rita*, 551 U.S. at 356-57.

Stevens's substantive unreasonableness challenge essentially amounts to a disagreement with the district court's balancing of the § 3553(a) sentencing factors, which we will not reweigh.  *See United States v. Warren*, 720 F.3d 321, 332 & n.2 (5th Cir. 2013).  Moreover, we have "routinely affirmed revocation sentences exceeding the advisory range, even where the sentence equals the statutory maximum."  *Id.* at 332 (quotation marks and citation omitted); *see Whitelaw*, 580 F.3d at 259, 265.

Stevens has failed to show that his revocation sentence is plainly unreasonable or plainly erroneous.  *See Warren*, 720 F.3d at 326, 332-33.  Accordingly, the district court's judgment is AFFIRMED.